**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4444**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

KENNETH OWENS, a/k/a Kenny Owens,

        Defendant – Appellant.

_____

Appeal from the United States District Court for the South District of West Virginia, at Bluefield.  David A. Faber, Senior District Judge.  (1:21-cr-00236-1)

_____

Submitted:  April 28, 2023                                   Decided:  August 17, 2023

_____

Before GREGORY, NIEMEYER, and RICHARDSON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Wesley P. Page, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Lesley S. Shamblin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Owens had a fifteen-year-old niece.  Because her mother was struggling with cancer, his niece started visiting her grandmother more often.  [J.A. 68.]  This also meant she saw more of Owens.  [J.A. 68.]  Their relationship was largely transactional. She would ask him for things like vapes, cigarettes, and alcohol.  [J.A. 69.]  He would give them to her.  [J.A. 69.]  But rather than asking her for money to pay for those items, he would ask her for pictures.  [J.A. 77–79.]

These were not innocent photos.  Owens wanted "good pic[s]" and made it clear to his niece on Facebook messenger what that meant.  *See* J.A. 282.  Owens asked for pictures of her in a "bikini," J.A. 281, in "wild outfits," J.A. 284, and in her "bra," J.A. 293.  He wanted "really hot," J.A. 307, and "sexy," J.A. 299, pics showing her cleavage and "see threw" "pantie[s]," J.A. 295.   If he did not get what he wanted, he told her.  For example, when he received a picture of a nude buttocks, he responded by requesting the "front t[oo]." J.A. 317.  Or when he received a picture of her in a bra and pants, he asked her to "[p]ull something up or down a little more."  J.A. 310.  He also gave her underwear to take photos in.  [J.A. 113.]

Responding to his entreaties, his niece sent him many pictures.  They included pictures of women in various stages of undress, such as a completely naked picture of a vaginal area.  [J.A. 15, 318.]  Some photos were of her.  Some were from her friends.  And some were downloaded from adult websites.  [*See* J.A. 128.]  But Owens made it clear he wanted photos of her, not other women.  He responded suspiciously whenever he thought the photos might not be of her.  J.A. 316 ("Need see lot more pics see if it's you."); J.A.

2

318 (responding to the picture of a vagina with "Wow just don't know if it's you try something I no it's you and the boobs."). Yet mostly he approved of the photos she sent. *See*, *e.g.*, J.A. 316–17 (responding to a picture of a nude buttocks and cleavage with "Yum yum just a little more").

Owens admits he was attracted to his niece and enjoyed the pictures.[1] To show his appreciation for her photos, Owens delivered on his end of the bargain. He often supplied her with the items she requested. But his thanks was only for sexualized photos. Owens made it clear that he "need[ed] some really hot pics" to make his deliveries worth it. *See*, *e.g.*, J.A. 307, 308 ("Can't drive over there for nothing . . . But you can take 5 minutes and go to the bathroom for some very good pics and ill make a trip.").

Based largely on the Facebook conversations between him and his niece, Owens was convicted of attempted enticement of a minor to engage in criminal sexual activity. *See* 18 U.S.C. § 2422(b). To convict Owens, the jury had to find, beyond a reasonable doubt, that he intended for his niece to send him child pornography.[2] On appeal, he argues that there was insufficient evidence for them to do so. He also argues that the district court erred by letting the jury see evidence that he supplied his niece with alcohol, gave her underwear to take photos in, and groped her. We reject both challenges and affirm his conviction.

---

[1] While that attraction was mostly confined to picture requests, he did grope her once while giving her a hug. [J.A. 112–13.]

[2] Producing child pornography is the "criminal sexual activity" he was charged with trying to get his niece to engage in. *See* 18 U.S.C. § 2427.

We uphold a jury's verdict if, viewing the evidence in the government's favor, substantial evidence supports it. *United States v. Kiza*, 855 F.3d 596, 601 (4th Cir. 2017). That means we will not overturn Owens's verdict for insufficient evidence unless no reasonable fact finder could conclude he was guilty beyond a reasonable doubt. *See id.*

To convict Owens of attempt under § 2422(b), the jury had to find that he intended his niece to produce child pornography. *See United States v. Engle*, 676 F.3d 405, 420 (4th Cir. 2012). Owens argues that no reasonable juror could find this. Child pornography is relevantly defined as the "lascivious exhibition of the . . . genitals" of a minor.[3] 18 U.S.C. § 2256(2)(A)(v). This includes any "depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer." *United States v. Courtade*, 929 F.3d 186, 192 (4th Cir. 2019) (cleaned up). Owens says that no reasonable juror could conclude, based on the record, that he intended his niece to send him such photos.

He is wrong. His niece sent him pictures of genitals because he asked for them. And he wanted those pictures to be sexually stimulating. He asked his niece for "hot" and "sexy" photos. He implored her to take pictures of her cleavage, in bathing suits, and in her underwear. He then went beyond even this, directing her to pull down her pants or pull up her bra. And he told her to photograph her "front t[oo]" after receiving one of a naked rear. J.A. 317. When he received such pornographic photos, he responded encouragingly,

---

[3] Child pornography includes "any visual depiction" involving a minor "of sexually explicit conduct." 18 U.S.C. § 2256(8). And sexually explicit conduct includes "lascivious exhibition of the . . . genitals." *Id.* § 2256(2)(A)(v).

rewarding them with contraband deliveries and asking for more.  This is more than enough for a reasonable juror to conclude that Owens intended for his niece to send him sexually stimulating photos of her genitals.

Owen's next challenges the district court's decisions to admit three pieces of evidence:  that he supplied his niece with alcohol, that he gave her underwear to take photos in, and that he groped her.  He challenges each decision on the same grounds:  that they are impermissible character evidence barred by Federal Rule of Evidence 404(b)(1) or that, in the alternative, they are barred by Rule 403 because they are overly unfairly prejudicial.  We will reverse the district court's evidentiary ruling only if it was an abuse of discretion, by which we mean it was arbitrary or irrational to admit the challenged evidence.  *United States v. Basham*, 561 F.3d 302, 325–26 (4th Cir. 2009).

Evidence is inadmissible if it is of "any other crime, wrong, or act" and offered to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed R. Evid. 404(b)(1).  By its text, this rule bars evidence of only *other* crimes, wrongs, or acts.  It cannot be used to block evidence of "acts intrinsic to the alleged crime."  *United States v. Bush*, 944 F.3d 189, 195 (4th Cir. 2019) (quoting *United States v. Chin*, 83 F.3d 83, 87–88 (4th Cir. 1996)).  And an act is intrinsic to the alleged crime if it "'complete[s] the story' of a charged offense" by being "probative of an integral component of the crime on trial or provid[ing] information without which the factfinder would have an incomplete or inaccurate view of other evidence or of the story of the crime itself."  *United States v. Brizuela*, 962 F.3d 784, 795 (4th Cir. 2020).

5

All of the challenged evidence was of acts intrinsic to the charged crime and so was not barred by Rule 404(b)(1). *See Bush*, 944 F.3d at 195. A key part of Owens's crime was plying her with alcohol in order to get her to send him sexualized photos. Likewise, Owens's provision of underwear for photos and groping of his niece confirmed the intent behind his photo requests. These acts establish that he wanted to use her for sexual gratification and took steps toward that end. This is a story about an uncle who manipulated his niece, leveraging her desire to get contraband to satiate his lust for her. Without this evidence, the jury's view of the message would be incomplete. So it is not barred by Rule 404(b)(1). *See Brizuela*, 962 F.3d at 795.

The challenged evidence is also not barred by Rule 403. Evidence is inadmissible under Rule 403 when its probative value is substantially outweighed by its unfair prejudicial effect. Fed. R. Evid. 403. This evidence certainly prejudiced, i.e., damaged, Owens's case. But it did so mainly by proving the charges against him: that he was seeking to sexually exploit his niece by trading contraband for pornographic photos. This is ordinary prejudice, not the *unfair* prejudice Rule 403 is concerned with. *See Basham*, 561 F.3d at 327 ("[Unfair prejudice does not include] the damage to a defendant's case that results from the legitimate probative force of the evidence." (cleaned up)). The evidence was highly probative of the charged crime and its risk of unfairly prejudicing Owens was minimal in comparison. *See United States v. Byers*, 649 F.3d 197, 210 (4th Cir. 2011); *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995). So the district court did not abuse its discretion by admitting it.

6

Since we reject all of Owens's challenges to his conviction, the jury's finding is

*AFFIMRED.*

7